IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

KHATIB ABDRAHMAAN,
          Plaintiff,

vs.                                        Case No.: 3:05cv88/MCR/MD

LARRY W. CASKEY, et al.,
          Defendants.
_____

## REPORT AND RECOMMENDATION

Plaintiff, an inmate proceeding *pro se* and *in forma pauperis*,[1] has filed a second amended civil rights complaint pursuant to 42 U.S.C. § 1983.  (Doc. 16).  Upon review of the complaint, the court concludes that plaintiff has not presented an actionable claim and that dismissal of this case is warranted.

Since plaintiff is proceeding *in forma pauperis*, the court may dismiss the case if satisfied that the action is "(i) frivolous or malicious;  (ii) fails to state a claim on which relief may be granted;  or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C.A. § 1915(e)(2)(B).  A complaint is frivolous under section 1915(d) "where it lacks an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1833, 104 L.Ed.2d 338 (1989).  Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," *Id.* at 327, 109 S.Ct. at 1833, or when the claims rely on factual allegations that are "clearly baseless."  *Denton v. Hernandez*, 504 U.S. 25, 31, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).  Dismissals for failure to state a claim

_____

[1]Plaintiff was not required to submit an initial partial filing fee.  (Doc. 10).  Court records reflect that he has made no payments toward the $250.00 filing fee; therefore, he still owes $250.00 to the court.

are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997). The allegations of the complaint are taken as true and construed in the light most favorable to the plaintiff. *Davis v. Monroe County Bd. Of Educ.*, 120 F.3d 1390, 1393 (11th Cir. 1997). The complaint may be dismissed only if it appears beyond doubt that plaintiff can prove no set of facts that would entitle him to relief. *Brown v. Budget Rent-A-Car Systems, Inc.*, 119 F.3d 922, 923 (11th Cir. 1997). Upon review of plaintiff's second amended complaint, the court concludes that it does not present an actionable claim.

Plaintiff is currently incarcerated at the Okaloosa County Jail ("the Jail"). Named as the sole defendant in his second amended complaint is Tammy Melvin, Programs Manager at the Jail. Plaintiff claims defendant Melvin violated his rights under the First, Eighth and Fourteenth Amendments when she ignored his requests that he be given an Arabic Quran, an Islamic chaplain, a pork-free diet, daily prayer service, Friday Jumial service, religious counseling and assembly with "other Muslims similarly situated." (Doc. 16, p. 7). As relief, plaintiff seeks monetary damages and declaratory and injunctive relief. (*Id.*, p. 8).

Title 42 U.S.C. § 1997e provides in relevant part: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Thus, exhaustion of all available administrative remedies is mandatory, and is a pre-condition to suit. *Porter v. Nussle*, 534 U.S. 516, 122 S.Ct. 983, 988, 152 L.Ed.2d 12 (2002) (citing *Booth v. Churner*, 532 U.S. 731, 739, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001)); *see also Alexander v. Hawk*, 159 F.3d 1321 (11th Cir. 1998).[2] The

---

[2]The purpose of the exhaustion requirement is to reduce the quantity and improve the quality of prisoner suits. *Porter v. Nussle*, 534 U.S. at 524, 122 S.Ct. 983. In *Alexander*, the Eleventh Circuit noted the following seven policy reasons favoring exhaustion:

(1)     to avoid premature interruption of the administrative process;
(2)     to let the agency develop the necessary factual background upon which decisions should be based;
(3)     to permit the agency to exercise its discretion or apply its expertise;
(4)     to improve the efficiency of the administrative process;
(5)     to conserve scarce judicial resources;

exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong.  *Porter v. Nussle*, *supra*.  Exhaustion is required whether the plaintiff seeks declaratory and injunctive relief, monetary damages, or both.  *Booth v. Churner,* 532 U.S. 731, 121 S.Ct. at 1825; *see also Zolicoffer v. Scott,* 55 F.Supp.2d 1372, 1375 (N.D. Ga. 1999), *aff'd*, 252 F.3d 440 (11th Cir. 2001).  The requirement is not subject to either waiver by a court or futility or inadequacy exceptions.  *See Booth v. Churner*, 532 U.S. 731, 741 n. 6; *McCarthy v. Madigan*, 503 U.S. 140, 112 S.Ct. 1081, 117 L.Ed.2d 291 (1992) ("Where Congress specifically mandates, exhaustion is required."); *Alexander v. Hawk*, *supra*.  Based on the foregoing, this court must dismiss a claim if it determines that plaintiff failed to exhaust his administrative remedies with respect to that claim prior to filing this lawsuit.  *Higginbottom v. Carter,* 223 F.3d 1259, 1261 (11th Cir. 2000); *Alexander v. Hawk*, 159 F.3d at 1325-26.

In his second amended complaint plaintiff states that the Jail has a grievance procedure.  (Doc. 16, p. 4).  He explains that he submitted a grievance by filing an inmate request to defendant Melvin concerning the facts relating to his complaint.  (Doc. 16, p. 4).  To demonstrate exhaustion of his claims, plaintiff attached to his amended complaint copies of two inmate request forms, one which was submitted to defendant Melvin, and one which was submitted to an institutional chaplain.  Plaintiff states in his inmate requests that they are being submitted in compliance with the exhaustion requirement.  However, the grievances demonstrate that plaintiff did not exhaust his administrative remedies <u>prior</u> to filing this lawsuit.  Plaintiff commenced this action on March 3, 2005.  (*See* Doc. 1).  His inmate requests are dated May 23, 2005.  (Doc. 16, Attach.).  Thus, even reading plaintiff's second

---

(6)    to give the agency a chance to discover and correct its own errors; and

(7)    to avoid the possibility that "frequent and deliberate flouting of the administrative processes could weaken the effectiveness of an agency by encouraging people to ignore its procedures."

*Id*. at 1327 (quoting *Kobleur v. Group Hospitalization and Medical Services, Inc*., 954 F.2d 705, 712 (11th Cir. 1992)).  These sound reasons are certainly applicable to the instant case.

amended complaint and attachments in a light most favorable to him, the court concludes that he has not properly exhausted the claims raised in his second amended complaint, and that dismissal of this action without prejudice is warranted under 28 U.S.C. § 1915(e)(2)(B)(ii).[3]

Accordingly, it is respectfully RECOMMENDED:

1.  That this cause be DISMISSED without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

2.  That all pending motions be DENIED as moot.

3.  That the clerk be directed to close the file.

At Pensacola, Florida this 29th day of June, 2005.

/s/ *Miles Davis*

**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy thereof.  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).

---

[3]"A claim that fails to allege the requisite exhaustion of remedies is tantamount to one that fails to state a claim upon which relief may be granted."  *Rivera v. Allin*, 144 F.3d 719, 731 (11th Cir. 1998) (citation omitted).